**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

WILLIAM OSCAR HARRIS,                    )
                                          )
                    Petitioner,           )
v.                                        )        Case No. 2:13-cv-043-JMS-WGH
                                          )
JOHN C. OLIVER,                           )
                    Respondent.           )

**Entry and Order Dismissing Action**

**I.**

William Harris seeks a writ of habeas corpus. His custodian opposes the petition. Having considered the pleadings and the expanded record, and being duly advised, the court finds that the petitioner's petition for writ of habeas corpus should be denied.

The pleadings and the expanded record show the following:

1.      Harris is in the custody of the Federal Bureau of Prisons.

2.      On January 18, 2011, Incident Report No. 2113596 was issued charging the petitioner with attempted extortion. The petitioner was supplied with a copy of this Incident Report on January 21, 2011. At that same time, he was also notified of his procedural rights in connection with the matter and was notified of the hearing date.

3.      The Incident Report alleged that the petitioner sent correspondence to a teacher with the demand of $2,000 per day if a document he had requested was not produced to him and a second letter that stating that Harris was demanding his immediate release. (The petitioner was charged with the same type of misconduct in Incident Report No. 2114507. The challenge to that matter is presented in No. 2:12-cv-0308-JMS-MJD, warranting no further mention here.)

4.      A hearing was conducted on February 17, 2011. The petitioner was present, accompanied by a staff representative. The hearing officer considered the evidence, including the Incident Report, the petitioner's statement, and the statements of two witnesses requested by the petitioner. The hearing officer found by the greater weight of the evidence that the petitioner had committed the prohibited act and thus was guilty of the charged misconduct. Sanctions were imposed, including the deprivation of a period of good time, and a written decision was issued as to the foregoing.

5.      The petitioner's administrative appeal was rejected and this action followed. It has been fully at issue since November 14, 2013, the deadline for the filing of a reply to the return to order to show cause. No reply was filed. Pursuant to 28 U.S.C. § 2248, the effect of this is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

6.      Harris seeks relief pursuant to 28 U.S.C. § 2241. Federal inmates "have a liberty interest" in good time credits and "must be afforded due process" before any good time credits are revoked. *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as the petitioner.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by at

least "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985). This standard is one of the narrowest known. *See United States v. Kizeart,* 505 F.3d 672, 675 (7th Cir. 2007).

7.      Using the protections recognized in *Wolff* and *Hill* as an analytical template, Harris received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Harris was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of the findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed. Harris' contentions otherwise are either irrelevant to the charge and proceeding involved in this case or refuted by the expanded record. He is not entitled to relief based on them.

8.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Harris to relief. That petition must therefore be **denied** and the action dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __11/19/2013_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

William Oscar Harris
#40743-050
Terre Haute FCI
P.O. Box 33
Terre Haute, IN 47808

All electronically registered counsel