UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM OSCAR HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-043-JMS-WGH |
| | ) | |
| JOHN C. OLIVER, | ) | |
| Respondent. | ) | |

**Entry Discussing Request to Proceed on Appeal *In Forma Pauperis***

The petitioner is not the United States of America. The United States of America is not seeking habeas corpus relief on behalf of William Oscar Harris. The Entry of February 3, 2014, explains that the petitioner "is not exempt from the obligation to pay filing and other fees." His request to proceed on appeal *in forma pauperis* signed on February 6, 2014, asserting otherwise is a continued example of this petitioner's utter and complete failure to litigate within the bounds of the law and to obey court orders. The parties to a lawsuit "can not pick and choose which court orders to obey," *V.I.M. Recyclers v. Magner,* 2004 WL 906313, *3 (N.D.Ill. Apr. 27, 2004), yet that is precisely what the petitioner has attempted to do in this and other litigation.

The only appealable ruling in this case was the issuance of final judgment on November 19, 2013. Yet, the notice of appeal filed on January 24, 2014, is the third appeal in the case. The first two have been dismissed for lack of jurisdiction. The petitioner seeks waiver of the appellate fees with respect to the appeal docketed as No. 14-1168.

The court has already explained that the petitioner is not entitled to a categorical exemption for the obligation to pay the appellate fees. An appeal may not be taken *in forma*

*pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id.*

There is no objectively reasonable argument the petitioner could present to argue that the disposition of this action was erroneous. In pursuing an appeal, therefore, the petitioner "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* [dkt. 67] is **denied.**

IT IS SO ORDERED.

Date: 02/14/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

William Oscar Harris, #40743-050, Terre Haute FCI, P.O. Box 33, Terre Haute, IN 47808

All electronically registered counsel